■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN SATCHELL, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County (Doyle, J.), rendered March 30, 1981, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress physical evidence, postarrest statements and identification testimony.

Judgment affirmed.

On June 24, 1980, three men committed an armed robbery at the Manufacturers Hanover Trust in Deer Park, Long Island. The bank's surveillance cameras filmed the event and produced several pictures of the tallest of the three men, carrying a sawed-off shotgun. After circulating the photographs among members of the Suffolk County Police Department, the detectives assigned to investigate the robbery learned that the tall gunman was Melvin "Watusi" Satchell, a man with an extensive criminal record, including convictions in Suffolk County for gambling and narcotics violations. Satchell was arrested on August 6, 1980, after leaving an apartment in Bay Shore that he shared on a part-time basis with his girlfriend. The other two perpetrators were not apprehended and defendant was tried alone. Following several days of pretrial hearings, voir dire and trial testimony, defendant, who had been released on $10,000 bail, did not appear one morning for the conclusion of the People's case. Proceedings were adjourned until the following day. Thereafter, defendant was tried in absentia. He reappeared after the conclusion of the trial, contending that he had been hospitalized.

Defendant claims that it was an error for the trial to have been conducted in his absence. However, " 'if a defendant at liberty remains away during his trial the court may proceed provided it is clearly established that his absence is voluntary' " *(People v Sanchez,* 65 NY2d 436, 443, quoting from *Cureton v United States,* 130 US App DC 22, 27, 396 F2d 671, 676, quoted in *Taylor v United States,* 414 US 17, 19-20, n 3; *see, People v Smith,* 106 AD2d 670). The trial court quite

reasonably continued the trial when defendant could not be located through a check of at least 18 hospitals and the Police Departments of Suffolk and Nassau Counties and New York City. Furthermore, defendant produced a hospital record which neither refers to his name nor contains other descriptive matter relating to defendant. The dates do not coincide with the trial dates and the hospital record appears to be that of another individual.

Defendant also contests the denial of his motion to suppress physical evidence, including clothing and a handgun, found in his girlfriend's apartment, his postarrest statements, and the identification testimony of several witnesses to the robbery. The determination of the hearing court must be accorded great weight, and it will not be disturbed where it is supported by the record (*People v Gee*, 104 AD2d 561; *People v Vail*, 90 AD2d 917). The hearing court determined that defendant's girlfriend voluntarily signed a consent form before the search was conducted, and that the detectives had a reasonable basis for their reliance on her consent to search the jointly occupied premises. The evidence seized was found in an unlocked living room closet in which defendant's and the woman's possessions were intermingled. Although conflicting testimony concerning the search was produced at the suppression hearing, we find the hearing court's determinations regarding the voluntariness of the consent (*see, People v Zimmerman*, 101 AD2d 294, 296) and the reasonableness of the reliance on the consent (*see, People v Adams*, 53 NY2d 1, 9-10, *cert denied* 454 US 854) are supported by the record. Also supported by the record is the hearing court's conclusion that defendant had twice been given *Miranda* warnings (*see, Miranda v Arizona*, 384 US 436) and had knowingly and intelligently waived his rights (*see, People v Gee, supra*).

Defendant argues that three of the witnesses to the robbery should not have been permitted to give identification testimony because their prior viewings of photo arrays tainted their later positive identifications of defendant in two lineups and at trial. Where a photo identification procedure is, in light of the totality of the circumstances, impermissibly suggestive, the later identifications should be suppressed unless the witness is shown to have an independent basis upon which to make an identification (*Simmons v United States*, 390 US 377; *Stovall v Denno*, 388 US 293; *People v Chamberlain*, 96 AD2d 959; *People v Hall*, 81 AD2d 644). Two of the witnesses were correctly found by the hearing court to possess an independent basis for their identifications of defendant on account of

their close observations of him during the robbery. This negates any possible suggestiveness in the photo arrays *(see, People v Chamberlain, supra; People v Hall, supra)*. The third witness, who did not testify at the suppression hearing, never made a positive identification of defendant from the photo array which he saw several weeks before the lineup was conducted. Under these circumstances, we find that the photo array was not unduly suggestive and that his identification testimony was properly taken. Because of the substantial identification testimony and surveillance pictures introduced at trial, proof of defendant's identity as the perpetrator of the robbery was overwhelming.

We view defendant's sentence of 12½ to 25 years' imprisonment as a proper exercise of the sentencing court's discretion. Gibbons, J. P., Bracken, Rubin and Kunzeman, JJ., concur.