■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MASCALE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered March 28, 1985, convicting him of assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed, and matter remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The indictment charged the defendant with assault in the first degree, both as a principal actor and as an aider and abettor. Although no evidence was produced at the trial that the defendant personally assaulted one of the two victims, and only weak evidence was presented that he struck the other victim, there was, nonetheless, sufficient evidence to prove, beyond a reasonable doubt, his guilt as an aider and abettor.

The defendant and his brother, Steven Mascale, after becoming involved in a dispute with certain individuals at a discotheque, went outside to their car, retrieved two baseball bats, and returned to the entrance of the disco. As they approached, they waved and banged their bats in a menacing fashion, and challenged the individuals with whom they had quarrelled to come and fight them. When two of these individuals, who were unarmed, tackled the defendant, they were struck with one or both of the baseball bats and seriously injured.

In this case, giving favorable inferences to the People's evidence, the jury's conclusion of guilt has sufficient support in the record.

Although the trial court, in its charge on the issue of justification, mentioned several times that deadly physical force could be used in the defense of a third person, the court omitted the reference to third persons from its instruction on the duty to retreat, stating only that one "may not use such deadly physical force if he knows that he can, with complete safety *as to himself,* avoid the necessity of doing so by retreating", omitting the words "and others" *(cf.* Penal Law § 35.15 [2]). However, this error was not noted by defense counsel when exceptions to the charge were solicited by the trial court, and the matter is therefore not preserved for appellate review *(see, People v Nuccie,* 57 NY2d 818).

The defendant's contention that he was deprived of adequate assistance of counsel is without merit. Considered in its entirety, the record establishes that the defendant was afforded meaningful and effective representation *(see, People v Baldi,* 54 NY2d 137).

Finally, we note that the imposed sentence of 3⅓ to 10 years' imprisonment was well within the sentencing court's discretion, and nothing in the record warrants its modification *(see, People v Suitte,* 90 AD2d 80). Lazer, J. P., Bracken, Weinstein and Eiber, JJ., concur.