■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GRATE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Schwartzwald, J.), rendered November 4, 1982, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the photographic array presented to one of the witnesses by the police some time after the event was so suggestive as to be violative of due process. The array consisted of six photographs, five of which indicated the height of the individuals, while the defendant's photograph, which was one quarter of an inch less in size than the other photographs, did not show his height. These characteristics, when taken together, could serve to draw the viewer's attention to the defendant's picture and could arguably indicate that the police had made a particular selection (*People v Emmons*, 123 AD2d 475). A few months after viewing the photo array, the same witness identified the defendant in a nonsuggestive lineup.

This witness had an independent basis for the lineup identification since she had viewed the defendant for 5 to 10 minutes in a well-lit store. In close proximity to this witness, the defendant took money from her desk, and she observed him compel the office manager to open the safe. Therefore, any prejudice to the defendant from the photo array did not taint the subsequent lineup (*see, People v Satchell*, 116 AD2d 753, *lv denied* 67 NY2d 889).

Also, the defendant contends that it was error for the store's security director to display to the complainant a photograph of the defendant allegedly taken during a prior robbery of a different company store. There was nothing in the record to demonstrate that the private security director was acting under police instruction or that his private investigation of this occurrence was in any manner converted into police

activity. Under such circumstances, there was no error premised on the activities of the store security director *(see, People v Ray,* 65 NY2d 282; *People v Graham,* 120 AD2d 674, *lv denied* 68 NY2d 757).

The defendant's contention that his guilty plea must be vacated because the trial court failed to obtain a precise statement from him as to all the facts of the crime to which he pleaded, is without merit. The defendant's objections to the plea allocution are unpreserved for appellate review *(see, People v Pellegrino,* 60 NY2d 636). In any event, under the circumstances of this case where there was a bargained-for guilty plea to a lesser crime, and the defendant was aware of the circumstances of the crime with which he was charged, there was no need for a factual basis for the particular crime confessed *(People v Armer,* 119 AD2d 930; *People v Epps,* 122 AD2d 587). Furthermore, the record reveals that the allocution was adequate *(People v Harris,* 61 NY2d 9).

Finally, we note that the imposed sentence of 3 to 6 years' imprisonment as a predicate felon was well within the sentencing court's discretion and does not warrant modification *(see, People v Mascale,* 121 AD2d 400). Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.