THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT KULZER, Respondent.—Order unanimously reversed on the law, jury verdict reinstated and matter remitted to Supreme Court, Monroe County, for sentencing, in accordance with the following memorandum: The People contend that the trial court improperly granted defendant's CPL 330.30 motion to set aside the jury verdict and order a new trial. We agree. Defendant claimed that the prosecutor was guilty of misconduct in refusing to provide with specificity the time frames of the alleged criminal incidents when she knew that more specificity was possible. The court concluded that the prosecutor's failure to disclose this information violated the defendant's due process rights and denied him his right to a fair trial.

An indictment must provide the accused with fair notice of the charges against him, and of the manner, time and place of the conduct underlying the accusations, so as to enable him to answer to the charges and to prepare an adequate defense *(People v Keindl,* 68 NY2d 410, 416, *rearg denied* 69 NY2d 823; *People v Morris,* 61 NY2d 290, 293; *People v Iannone,* 45 NY2d 589, 594). Here, the indictment charged three separate acts of sodomy involving a 16-year-old boy that were allegedly committed "on or about and between November 1, 1984 and January 14, 1985." The People's bill of particulars did not amplify the times the alleged crimes were committed except to add that they occurred "in the evening hours". At trial, however, the victim testified that each act took place on a Tuesday evening, between 5:00 P.M. and 7:30 P.M.

Although defendant did not have this additional specificity prior to trial, the record reveals that the trial court permitted defendant to call an alibi witness without proper notice and defendant's wife testified that defendant was at home with her on the Tuesday evenings during the time period in question. Thus, the record demonstrates that defendant suffered no prejudice as a result of the prosecutor's failure to disclose to defendant prior to trial that the three acts of sodomy allegedly occurred on Tuesday evenings. Since defendant did, in fact, present a full alibi defense, he suffered no prejudice which warrants that the jury verdict be set aside *(see, People v*

*Charles,* 61 NY2d 321, 327; *People .v Rogers,* 141 AD2d 870, 873-875; *People v Taylor,* 74 AD2d 177, 181). (Appeal from order of Supreme Court, Monroe County, Bergin, J.—motion to set aside verdict.) Present—Callahan, J. P., Denman, Green, Pine and Balio, JJ.