(June 12, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SASHA ALEXANDER, Appellant.—Judgment of the Supreme Court, New York County (Jay Gold, J.), rendered on March 8, 1989, convicting defendant, after a jury trial, of two counts of grand larceny in the second degree (Penal Law § 155.40) and sentencing him, as a predicate felon, to two concurrent terms of imprisonment of from 3 to 6 years, unanimously affirmed.

The evidence at trial, viewed most favorably to the People (People v Guiliano, 65 NY2d 766, 768), was legally sufficient to support the jury's verdict. The jury permissibly inferred, based on evidence, not unsupported assumptions, that defendant and his accomplice took jewelry valued at $99,000 from complainant's office and left an envelope containing costume jewelry in its stead (People v Kennedy, 47 NY2d 196, 203).

Defendant's contention that he received ineffective assistance of counsel fails because he has not demonstrated that his attorney's performance was so deficient and his actions so unreasonable that they fell outside the scope of professional competence (Strickland v Washington, 466 US 668; People v Baldi, 54 NY2d 137). Nor has defendant shown that he was prejudiced by counsel's performance. There is no reasonable probability that, but for counsel's alleged errors, the outcome of the trial would be different (People v Simpson, 116 AD2d 65, 67).

The remaining contention, that the identification testimony should have been excluded as unreliable and the product of highly suggestive photographic showup procedures, is not preserved as a matter of law and we decline to reach it (CPL 470.05 [2]). Were we to consider this contention in the interest of justice, we would nonetheless affirm, finding it to be without merit. Defendant contends that the viewing of a single photograph shown to each complainant by the security officer of the Diamond Dealers Club months before the lineup rendered the subsequent lineup and in-court identifications unreliable. However, only identification procedures linked to official law enforcement conduct provide the basis for the suppression of identification testimony (United States v Wade, 388 US 218; People v Logan, 25 NY2d 184, 193). Procedures employed by private individuals, as here, provide no basis for

suppression *(People v Grate,* 130 AD2d 590). No connection was established between the Diamond Dealers Club and the police investigation. Furthermore, each complainant established an independent source for the lineup and in-court identification *(People v Satchell,* 116 AD2d 753, *lv denied* 67 NY2d 889). Concur—Murphy, P. J., Sullivan, Ross, Kassal and Smith, JJ.