THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH STEVENS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered February 1, 1989, convicting him of rape in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant stands convicted of raping the 17-year-old complainant during the early morning hours of January 19, 1988. At trial the complainant testified that she spent the night preceding the attack with a friend in Rockaway, Queens. At 4:30 that morning, she left her friend's house, and headed for the train station in order to return to her home and pick up a pair of shoes. As she walked towards the train station, a blue Chevrolet driven by the defendant Keith Stevens pulled up in front of her, and a second man seated in the front passenger seat rolled down his window and greeted her. Recognizing the defendant's passenger to be an acquaintance named David Medley, the complainant agreed to accept a ride home from the two men. According to the complainant, after the defendant dropped Medley off, he drove her to a deserted parking lot, where he forced her to engage in sexual intercourse. The defendant then forced her to leave his vehicle without her clothing. The complainant fled to a nearby house, where a neighbor summoned the police.

In contrast, at trial the defendant maintained that the complainant had consented to engage in sexual relations with

him. According to the defendant's version of events, he and Medley were waiting for a traffic light to change when the complainant approached their vehicle, and asked Medley what the two men "were doing tonight". He then engaged in a conversation with the complainant, and as a result of that conversation, she entered his car. After driving Medley home, the defendant and complainant drove to a parking lot, where she voluntarily removed her clothing and engaged in consensual intercourse with him. They then remained in the car and talked, until the complainant began to smoke a pipe containing cocaine. When the defendant asked the complainant to stop smoking cocaine, she became angry and hostile. He responded by asking her to leave his car, and then dropped her clothing out of the vehicle.

On appeal, the defendant contends that he was deprived of a fair trial because the court refused to allow either him or Medley to recount what the complainant said to him when she entered his car on the morning of the rape. We agree. It is settled law that "[t]he mere utterance of a statement, without regard to its truth, may indicate circumstantially the state of mind of the hearer or of the declarant" (Richardson, Evidence § 205, at 181 [Prince 10th ed]). Thus, as defense counsel argued at trial, these statements were properly admissible as an exception to the hearsay rule to show the complainant's state of mind at the time she entered the defendant's vehicle (see, People v Minor, 69 NY2d 779; People v Sostre, 70 AD2d 40, 44, affd 51 NY2d 958). Since the statements were therefore relevant to the defendant's consent defense, it was error for the court to preclude their admission (see, People v Minor, supra).

Moreover, the prejudice to the defendant was exacerbated by the prosecutor's comment on summation that "if this defendant wasn't charged with sodomy * * * he should have been". Although this comment was based upon medical evidence which indicated that anal slides taken from the complainant had tested positive for the presence of spermatoza, the complainant did not testify that an act of sodomy had occurred, and the defendant was indicted only upon charges of rape in the first degree and sexual abuse in the first degree. Accordingly, the prosecutor's attempt to "convey to the jury, by insinuation, suggestion or speculation, the impression that the defendant [was] guilty of other crimes not in issue at trial" was improper (People v Ashwal, 39 NY2d 105, 110).

The defendant's remaining contentions are either unpre-

served for appellate review or are without merit. Mangano, P. J., Eiber, O'Brien and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD STROUD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered November 3, 1986, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.