■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE THOMAS, Appellant.—Judgment, Supreme Court, Bronx County (William Wallace, III, J., at *Huntley* hearing, jury trial and sentence), rendered March 30, 1989, convicting defendant of robbery in the second degree and sentencing him, as a second felony offender, to 6 to 12 years imprisonment, unanimously affirmed.

Defendant's conviction arises out of his arrest with a code-fendant for stealing food stamps from a resident of a Bronx County men's shelter on April 11, 1988.

Defendant's claim that the hearing court erred in denying suppression of a post-*Miranda* statement made by him, on the ground that the statement was the tainted product of pre-*Miranda* custodial questioning, is without merit. The record indicates that defendant was not subject to custodial questioning before *Miranda* warnings were administered. The officer merely advised defendant of the accusation made against him, which does not constitute either formal questioning or its functional equivalent *(see, People v Gamble,* 129 AD2d 470, *affd* 70 NY2d 885).

Additionally, the post-*Miranda* statement made by defendant was not in response to any form of questioning, and thus would be admissible even if defendant had not voluntarily waived his rights *(see, e.g., People v Gonzales,* 75 NY2d 938, *cert denied* — US —, 111 S Ct 99).

In view of the overwhelming evidence of defendant's guilt, as well as the fact that defense counsel opened the door to cross-examination of defendant regarding his pre-arrest silence by direct questioning and testimony of pre-arrest conversation between defendant and the police, any error in the admission of such testimony is rendered harmless *(People v Crimmins,* 36 NY2d 230). Concur—Murphy, P. J., Milonas, Ross and Rubin, JJ.