■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN L. HENRY, Appellant

The trial court properly denied the prosecutor's offer to admit into evidence three letters written by the complainant. Moreover, the contents of the letters were not disclosed to the jury. It was only after defendant's attorney cross-examined complainant about the contents of the letters that the prosecutor, on redirect, elicited testimony as to their subject matter. Thus, defendant's cross-examination of the complainant opened the door to that line of questioning *(see, People v Thomas,* 174 AD2d 447, 448).

Defendant concedes that the 15 day time period set forth in

the first two counts of the indictment is not facially unreasonable *(see, People v Keindl,* 68 NY2d 410, 417, *rearg denied* 69 NY2d 823; *People v Piasta,* 136 AD2d 887, *lv denied* 71 NY2d 1031). Defendant was not prejudiced as a result of the prosecutor's failure to disclose prior to trial that the proof would be limited to a period of time less than that specified in the indictment *(see, People v Kulzer,* 155 AD2d 882, *lv denied* 75 NY2d 869).

We have reviewed defendant's other arguments and conclude that they have no merit. Evidence of flight has long been recognized as warranting an inference of a guilty conscience *(see, People v Yazum,* 13 NY2d 302, *rearg denied* 15 NY2d 679) and the court gave the jury appropriate instructions about the weight they should give such evidence. (Appeal from Judgment of Monroe County Court, Marks, J.—Sodomy, 1st Degree.) Present—Denman, P. J., Callahan, Green, Lawton and Davis, JJ.