■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. CHARETTE, Appellant. [599 NYS2d 167] —Mikoll, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered September 9, 1991, upon a verdict convicting defendant of the crime of sodomy in the first degree.

Defendant was convicted after a jury trial of sodomy in the first degree upon the testimony of the victim, a 13-year-old boy, who testified that on June 22, 1990, as he was riding his bicycle at about 9:00 P.M., he was stopped by defendant and asked for a ride. The two rode on the bicycle for a short while. Defendant then placed a knife to the boy's throat and told him to stop. Defendant, still holding the knife to the victim's throat, led the victim into a vacant lot and told the victim to remove his clothes. Defendant then performed oral and anal sex on the victim at three different times. Upon defendant's departure the victim was able to contact the police and gave them a description of his attacker. Defendant was apprehended a few days later.

The victim was taken to a hospital and given a rectal and oral examination in the emergency room by John Caputo, a physician, and Ruth Ward, a registered nurse. The rectal smears obtained tested positive for human sperm, but the blood type of the individual who deposited the sperm could not be determined due to bacterial contamination of the specimen

nor could a DNA determination be made because of contamination. Caputo was not available to testify at trial.

Defendant's argument, that Caputo's testimony was the best evidence of the rectal and oral examinations and that defendant's inability to cross-examine the doctor on the examinations was so prejudicial to his case as to require reversal, is without merit. Defendant had ample opportunity to ascertain what was done and not done during the examination by cross-examination of Ward, who conducted the examination with Caputo. Defendant did bring out on his direct case, through Ward, that excerpts from Caputo's report indicated that certain usual signs of forced sodomy, such as rectal abrasions, were not present. Thus, it cannot be said that the absence of Caputo requires a reversal *(see, People v Henry,* 179 AD2d 1061, *lv denied* 79 NY2d 1002; *People v Bessette,* 169 AD2d 876, 877, *lv denied* 77 NY2d 992).

Defendant's contention that County Court's failure to instruct the jury that the People's inability to present DNA evidence was fatal to the People's case is rejected. County Court properly advised the jury that there was no evidence other than the victim's eyewitness testimony of the identity of defendant. The serologist testified that a blood type identification of the person who deposited the sperm could not be made because of the contamination of the rectal smear. County Court's failure to instruct the jury further regarding the reason the DNA test was not performed cannot be said to be prejudicial to defendant *(see, People v Henry, supra; People v Thiessen,* 158 AD2d 737, 740, *mod on other grounds* 76 NY2d 816).

Finally, we reject defendant's argument that the serologist's testimony was prejudicial to defendant because her testimony might be interpreted by the jury to be independent corroborative evidence of his guilt. County Court instructed the jury that the only evidence linking defendant to the crime was the victim's testimony. The jury was also instructed that it could reject the serologist's testimony and was to judge her credibility as it would that of any other witness.

Weiss, P. J., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.