■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WORKMAN, Appellant. [684 NYS2d 116] —Judgment unanimously affirmed. Memorandum: Defendant's conviction of murder in the second degree (Penal Law § 125.25 [1]) is supported by legally sufficient evidence (see, People v Williams, 84 NY2d 925, 926). Supreme Court did not err in allowing testimony concerning a prior bad act of defendant. We reject defendant's contention that the People failed to establish by clear and convincing evidence that defendant and the victim were the couple involved in the altercation at issue (see, People v Sanchez, 209 AD2d 265, 266, lv denied 85 NY2d 866; see also, People v Robinson, 68 NY2d 541, 548-550). That testimony was relevant to establish defendant's motive and intent, and its probative value exceeded its potential for prejudice (see, People v Flowers, 245 AD2d 1088, lv denied 91 NY2d 972).

The record supports the suppression court's determination that defendant knowingly, intelligently and voluntarily waived his Miranda rights even though he did not sign the Miranda rights waiver form (see, People v McDowell, 202 AD2d 1021, 1021-1022, lv denied 83 NY2d 913).

Defendant was not denied effective assistance of counsel (see generally, People v Baldi, 54 NY2d 137, 147). To the extent that defendant's argument concerns a possible alibi defense, defense counsel cannot be faulted because defendant did not

tell defense counsel until the end of trial that he had evidence that he had opened an account at a bank in Kentucky on December 8, 1994. Defense counsel requested an adjournment to obtain alibi testimony as soon as defendant told him about the bank transaction. The court did not abuse its discretion in denying that request inasmuch as no timely alibi notice had been served and no adequate excuse for that failure was offered (*see, People v Aviles,* 234 AD2d 466, *lv denied* 89 NY2d 983). In any event, proof that defendant had been in Kentucky on December 8, 1994 does not foreclose the possibility that he killed the victim. The Medical Examiner testified that, when the victim's body was found on December 9, 1994 at 4:00 P.M., the victim had been dead for more than 24 hours.

The court properly admitted evidence of defendant's flight from Buffalo to Kentucky after the murder (*see, People v Yazum,* 13 NY2d 302, 304, *rearg denied* 15 NY2d 679; *People v Henry,* 179 AD2d 1061, 1062, *lv denied* 79 NY2d 1002), and precluded defendant's proposed expert testimony on that issue. We reject defendant's contention that the court erred in admitting into evidence certain photographs of the victim (*see, People v Stevens,* 76 NY2d 833, 835). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Murder, 2nd Degree.) Present—Denman, P. J., Pine, Pigott, Jr., Balio and Fallon, JJ.