■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON RIVERA, Appellant. [703 NYS2d 195] —Appeals by the de-

fendant from (1) a judgment of the Supreme Court, Queens County (Robinson, J.), rendered May 1, 1998, convicting him of assault in the first degree (two counts), assault in the second degree (two counts), unlawful imprisonment in the first degree, and sexual abuse in the first degree (two counts), upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, rendered June 8, 1998, which modified the judgment rendered May 1, 1998, by reducing the term of imprisonment imposed upon the conviction of unlawful imprisonment in the first degree from a determinate sentence of three years to an indeterminate sentence of one-and-one-half to three years.

Ordered that the judgment is modified, on the law, by vacating the defendant's convictions for assault in the second degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed; and it is further,

Ordered that the amended judgment is affirmed.

The trial court, after observing a display of emotion by the court interpreter during a portion of the victim's testimony, sufficiently remedied any possible prejudice to the defendant by immediately excusing the jury, replacing the court interpreter, and twice offering to issue curative instructions, which the defendant declined. Accordingly, the court providently exercised its discretion in denying the defendant's motion for a mistrial on this ground (*see, People v Ortiz,* 54 NY2d 288).

The defendant's contention that the People failed to prove that he intended to and did cause serious physical injury and serious permanent disfigurement to the victim is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction of two counts of assault in the first degree. The People proved beyond a reasonable doubt that the defendant intended to, and did, in fact, cut the victim's face, arms, and legs with a knife, bite her right hand and arm, and burn her face and neck with a cigarette lighter. These acts left scars on the victim's face, neck, and legs which were visible seven months after the incident took place.

The People correctly concede that the defendant's conviction of two counts of assault in the second degree must be reversed and those counts of the indictment dismissed as they are inclusory concurrent counts of assault in the first degree (*see,* CPL 300.40 [3] [b]; Penal Law § 120.10 [1], [2]; *People v Garofalo,*

192 AD2d 619). O'Brien, J. P., Krausman, Florio and McGinity, JJ., concur.