■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL EALEY, Also Known as TYRONE JOHNSON, Appellant. [710 NYS2d 321] —Judgment, Supreme Court, New York County (James Yates, J.), rendered February 28, 1996, convicting defendant, after a jury trial, of fifteen counts of grand larceny in the second degree, and sentencing him, as a second felony of-

fender, to fourteen concurrent terms of 7½ to 15 years consecutive to a term of 3 to 6 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Defendant's statements to the police were not prompted by any police words or actions, but rather were voluntary, spontaneous utterances, and were therefore admissible (*see, People v Ferro*, 63 NY2d 316, *cert denied* 472 US 1007). The police did not engage in formal questioning or its functional equivalent when, at the time of the arrest, they merely informed defendant of the accusation against him (*see, People v Thomas*, 174 AD2d 447, *lv denied* 78 NY2d 975), and repeated that information in response to defendant's question at the stationhouse inquiring why he was being held (*see, People v Rivers*, 56 NY2d 476, 480). We have considered and rejected defendant's remaining arguments on the suppression issue.

The court properly received evidence that the two victims in the instant case were aware of defendant's prior extortion of another person, in order to establish the victims' states of mind with respect to defendant's extortionate acts (*see, People v Hardy*, 224 AD2d 333, *lv denied* 88 NY2d 848), and to explain why they delayed in reporting the crime (*see, People v Thomas*, 244 AD2d 271, *lv denied* 91 NY2d 898). Furthermore, the court instructed the jury not to consider the evidence as proof that defendant actually had committed that prior crime or that he had a criminal propensity, and the jury is presumed to have followed that instruction (*see, People v Davis*, 58 NY2d 1102). This testimony was not hearsay because it was not received for its truth.

The record fails to support defendant's claim that, in sentencing defendant, the court considered crimes of which defendant was acquitted, and there is no basis upon which to reduce the sentence. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Lerner and Friedman, JJ.