■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER ASHMAN, Appellant. [720 NYS2d 524] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered March 10, 1998, convicting him of assault in the first degree, assault in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant contends that the verdict of guilt on the charge of assault in the first degree under Penal Law § 120.10 (1) (intent to cause serious physical injury) is inconsistent with the verdict of guilt on the charge of assault in the first degree under Penal Law § 120.10 (3) (circumstances evincing a depraved indifference to human life). This contention is unpreserved for appellate review since the defendant failed to raise it prior to the discharge of the jury (*see, People v Alfaro,* 66 NY2d 985; *People v Thomches,* 172 AD2d 786), and we decline to consider it in the exercise of our interest of justice jurisdiction (*see, People v Thomches, supra,* at 787).

However, where "the verdict is comprised of inclusory concurrent counts a verdict of guilty on the greatest count is deemed a dismissal of every lesser count" (*People v Grier,* 37 NY2d 847, 848). Accordingly, the defendant's conviction of assault in the second degree must be vacated and that count of the indictment dismissed (*see, People v Rivera,* 268 AD2d 538).

The defendant's remaining contentions are without merit. O'Brien, J. P., Friedmann, Goldstein and H. Miller, JJ., concur.