■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELTON RAY FORT, Appellant. [739 NYS2d 319] —Appeal from a judgment of Oneida County Court (Donalty, J.), entered April 12, 1999, convicting defendant after a jury trial of, inter alia, attempted murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law and as a matter of discretion in the interest of justice by reversing that part convicting defendant of assault in the second degree, vacating the sentence imposed thereon and dismissing count three of the indictment and by reducing the determinate terms of incarceration imposed on counts one and two of the indictment to 20 years and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (Penal Law § 120.10 [1]), and assault in the second degree (Penal Law § 120.05 [2]). Defendant was sentenced to concurrent determinate terms of incarceration, the longest of which are 25 years on the counts of attempted murder and assault in the first degree. We reject defendant's contentions that the evidence is legally insufficient to support the conviction of attempted murder in the second degree and assault in the first degree. Contrary to defendant's contentions, the evidence is legally sufficient to establish that defendant had the requisite intent to kill and that the victim sustained a serious physical injury (see generally, People v Bleakley, 69 NY2d 490, 495). In addition, the verdict is not against the weight of the evidence with respect to those counts (see generally, People v Bleakley, supra at 495). However, as the People correctly concede, assault in the second degree (Penal Law § 120.05 [2]) is a lesser included offense of assault in the first degree (Penal Law § 120.10 [1]; see generally, People v Green, 56 NY2d 427, 429, rearg denied 57 NY2d 775) and therefore should have been presented only in the alternative as an inclusory concurrent count of assault in the first degree (see, CPL 300.40 [3] [b]; People v Rivera, 268 AD2d 538, 539-540, lv denied 95 NY2d 802). We therefore modify the judgment by reversing that part convicting defendant of assault in the second degree, vacating the sentence imposed thereon and dismissing count three of the indictment. Furthermore, we agree with defendant that the sentences imposed on the remaining counts are unduly harsh and severe. We therefore further modify the judgment as a matter of discretion in the interest of justice by reducing the determinate terms of incarceration imposed on counts one

and two of the indictment to 20 years. Present—Pine, J.P., Wisner, Scudder, Burns and Gorski, JJ.