THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER VANDUNK, Appellant. [770 NYS2d 136]—

Mugglin, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 10, 2002, upon a verdict convicting defendant of the crimes of aggravated sexual abuse in the second degree, sexual abuse in the first degree and endangering the welfare of a child (two counts).

At trial, defendant's oral and written statements to law enforcement personnel were admitted against him. Defendant appeals his convictions, raising as the sole issue whether County Court erroneously failed to suppress his oral and written statements. Defendant contends that he was in police custody at the time he made inculpatory statements and that the absence of *Miranda* warnings renders those statements inadmissible (*see People v Hardy*, 223 AD2d 839, 840 [1996]). "Whether a person is in police custody sufficient to require *Miranda* warnings depends upon the totality of the circumstances then present, viewed from the perspective of 'what a reasonable man, innocent of any crime, would have thought had he been in defendant's position'" (*People v MacGilfrey*, 288 AD2d 554, 556 [2001], *lv denied* 97 NY2d 757 [2002], quoting *People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]).

The evidence presented at the suppression hearing established that the police approached defendant at his residence and asked to speak to him about a matter occurring earlier that evening. Defendant voluntarily agreed to accompany the police to discuss the matter. The initial interrogation took place in a nonpublic area on the second floor of the Sheriff's office. After approximately a one-hour interrogation by three officers, defendant made an inculpatory statement which prompted the police for the first time to advise defendant of his *Miranda* warnings. In our view, County Court correctly determined that defendant was not in custody at the time that he made his initial inculpatory statement. It is undisputed that, during the initial period of questioning, defendant never requested the assistance of counsel, was never physically restrained or subjected to physical violence, and was free to leave the Sheriff's office at any time. These facts clearly support the determination that the questioning of defendant at this point was noncustodial and investigatory (*see People v Warren*, 300 AD2d 692, 693 [2002], *lv denied* 99 NY2d 621 [2003]).

Approximately three hours after defendant was arrested, processed and placed in a holding cell to await arraignment, defendant was again questioned by law enforcement personnel. Prior to the commencement of this questioning, defendant was advised of his *Miranda* rights, indicated he understood them and agreed to speak with the police officers. This one-hour period of interrogation resulted in two written statements by defendant in which he admitted sexually abusing the alleged victims. Since defendant undeniably admitted understanding his *Miranda* warnings and at no time during the questioning requested the assistance of counsel or decided to exercise his

right to remain silent, we find no error in County Court's failure to suppress these statements. In our view, the totality of the record establishes that defendant knowingly, intelligently and voluntarily made oral and written statements to law enforcement personnel and, therefore, these statements were properly determined to be admissible against him at trial (*see People v Ovitt*, 283 AD2d 832, 835 [2001], *lv denied* 96 NY2d 905 [2001]; *People v McCulloch*, 226 AD2d 848, 851 [1996], *lv denied* 88 NY2d 1070 [1996]).

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.