█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL NURSE, Appellant. [771 NYS2d 906]—

Appeal by the defendant from a judgment of conviction of the County Court, Dutchess County (Hayes, J.), rendered May 20, 2002, convicting him of burglary in the first degree (two counts) and attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The statements made by the codefendant during his plea allocution were properly admitted at trial as declarations against penal interest to establish an element of the crimes charged (*see People v Thomas,* 68 NY2d 194, 197 [1986], *cert denied* 480 US 948 [1987]; *People v Safford,* 297 AD2d 828 [2002]).

Contrary to the defendant's contention, the complainant's testimony as to why he initially lied to the police about the defendant's identity was not impermissible evidence of un-

charged crimes. The trial court properly received evidence that the complainant was aware of the defendant's prior criminal history and membership in a gang in order to establish the complainant's state of mind with respect to why he initially lied to the police and told them that he did not know the identity of the defendant (*see People v Boatwright,* 297 AD2d 603 [2002]; *People v Ealey,* 272 AD2d 269, 270 [2000]; *cf. People v Stevens,* 174 AD2d 640, 641 [1991]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant was not denied his right to effective assistance of counsel (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Baldi,* 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Ritter, J.P., Santucci, Adams and Crane, JJ., concur.