■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMONDE DEFREITAS, Appellant. [797 NYS2d 117]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered January 16, 2002, convicting him of assault in the first degree and assault in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of assault in the second degree, vacating the

sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of assault in the first degree beyond a reasonable doubt. Contrary to the defendant's contention, the trier of fact could have reasonably concluded from the evidence presented that the defendant intended to cause physical injury by means of a dangerous instrument, and did, in fact, cause such an injury (*see People v Carter*, 53 NY2d 113 [1981]; *People v Travis*, 273 AD2d 544, 547-548 [2000]; *People v Coe*, 165 AD2d 721, 722-723 [1990]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence.

The People correctly concede that the defendant's conviction of two counts of assault in the second degree must be reversed and those counts of the indictment dismissed as they are inclusory concurrent counts of assault in the first degree (*see* CPL 300.40 [3] [b]; Penal Law § 120.05 [1], [2]; § 120.10; *People v Rivera*, 268 AD2d 538, 539-540 [2000]).

The defendant's remaining contention is without merit. Florio, J.P., Krausman, Spolzino and Lifson, JJ., concur.