■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHMAN SOTO, Appellant. [818 NYS2d 487]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered October 14, 2004, convicting him of assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's challenge to the charge given by the trial court on the issue of justification is unpreserved for appellate review because he failed to object to the charge as given, or to request a supplemental charge (*see* CPL 470.50 [2]; *People v Peterkin,* 23 AD3d 678 [2005]; *People v Jung,* 22 AD3d 506 [2005]; *People v Brunson,* 1 AD3d 375 [2003]; *People v Mascale,* 121 AD2d 400 [1986]). We decline to review this issue in the exercise of our interest of justice jurisdiction (*see People v Peterkin, supra; People v Jung, supra*).

Viewing the totality of the evidence, the law, and the circumstances of this case, we find that the defendant received meaningful representation from his trial counsel (*see People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Baldi,* 54 NY2d

137, 147 [1981]; *People v Bullock,* 28 AD3d 673 [2006]; *People v Gonzalez,* 22 AD3d 597 [2005]; *People v Rivera,* 205 AD2d 807 [1994]).

However, as the People correctly concede, the defendant's conviction of assault in the second degree must be vacated and that count of the indictment dismissed as it is an inclusory concurrent count of assault in the first degree (*see* CPL 300.40 [3] [b]; Penal Law § 120.10 [1]; *People v DeFreitas,* 19 AD3d 506 [2005]; *People v Fort,* 292 AD2d 821 [2002]; *People v Ashman,* 280 AD2d 483 [2001]; *People v Rivera,* 268 AD2d 538 [2000]). Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.