■ The People of the State of New York, Respondent, v Alan Hamm, Appellant. [839 NYS2d 807]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered January 4, 2005, convicting him of assault in the first degree (two counts) and assault in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of assault in the second degree (two counts), vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant contends that the trial court erred in admitting into evidence a hearsay statement by an unidentified doctor during the complainant's testimony. The defense counsel called this issue to the trial court's attention, and the trial court instructed the jury that the statement was "not offered for its truth." The defense counsel did not object to this limiting instruction or request any additional relief. Under these circumstances, the matter must be deemed to have been cured to defense counsel's satisfaction, and thus the defendant's present contention is unpreserved for appellate review (*see People v Everson*, 100 NY2d 609, 610 [2003]; *People v Williams*, 46 NY2d 1070, 1071 [1979]; *People v Thompson*, 34 AD3d 852 [2006]). In any event, the statement at issue was properly admitted into evidence not for its truth, but to explain the state of mind of the complainant (*see People v Boatwright*, 297 AD2d 603 [2002]; *People v Ealey*, 272 AD2d 269, 270 [2000]; *People v Stevens*, 174 AD2d 640, 641 [1991]). In this regard, the trial court properly instructed the jury on the limited purpose of this testimony (*see People v Tosca*, 98 NY2d 660, 661 [2002]; *People v King*, 217 AD2d 909, 910 [1995]).

The People correctly concede that the defendant's convictions for two counts of assault in the second degree must be vacated, the sentences thereon must be vacated, and those counts of the indictment dismissed, as they are inclusory concurrent counts of assault in the first degree (*see* CPL 300.40 [3] [b]; Penal Law art 120, § 120.05 [1], [2]; § 120.10; *People v DeFreitas*, 19 AD3d 506, 507 [2005]; *People v Rivera*, 268 AD2d 538, 539-540 [2000]).

The defendant's remaining contention is without merit. Rivera, J.P., Florio, Fisher and Dillon, JJ., concur.