THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS FLECHA, Appellant. [842 NYS2d 656]—

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered November 19, 2005. The judgment convicted defendant, upon a nonjury trial, of assault in the first degree, assault in the second degree (three counts), and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of assault in the second degree under count two of the indictment and dismissing that count of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a bench trial of one count each of assault in the first degree (Penal Law § 120.10 [1]) and endangering the welfare of a child (§ 260.10 [1]), and three counts of assault in the second degree (§ 120.05 [4], [8], [9]). County Court properly refused to suppress defendant's statements to the police. The record of the suppression hearing establishes that defendant voluntarily accompanied two officers to the Public Safety Build-

ing, that he was never handcuffed or otherwise restrained, and that the initial interview was not accusatory. "Under these circumstances, a reasonable person innocent of any crime would not have believed that he or she was in custody, and thus [*Miranda*] warnings were not required" (*People v Dozier*, 32 AD3d 1346, 1346 [2006], *lv dismissed* 8 NY3d 880 [2007]; *see People v Tankleff*, 199 AD2d 550, 552 [1993], *affd* 84 NY2d 992 [1994]; *People v Vandunk*, 2 AD3d 1058 [2003], *lv denied* 3 NY3d 742 [2004]). "Because the initial statement was not the product of pre-*Miranda* custodial interrogation, the post-*Miranda* detailed confession given by defendant cannot be considered the fruit of the poisonous tree" (*People v Flecha*, 195 AD2d 1052, 1053 [1993]).

The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction of assault in the first degree. The intent of defendant to cause serious injury "may be inferred from his conduct, the surrounding circumstances, and the medical evidence" (*People v White*, 216 AD2d 872, 873 [1995], *lv denied* 86 NY2d 805 [1995]; *see People v Watson*, 269 AD2d 755, 756 [2000], *lv denied* 95 NY2d 806 [2000]). Defendant failed to preserve for our review his contention that the verdict is inconsistent insofar as the court in this bench trial found him guilty of both intentionally and recklessly causing serious physical injury by means of the same dangerous instrument (*see* CPL 470.05 [2]; *see generally People v Carter*, 7 NY3d 875, 876 [2006]; *People v Garner*, 174 AD2d 1028, 1029 [1991], *lv denied* 78 NY2d 966 [1991]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We note, however, that assault in the second degree under the second count of the indictment (Penal Law § 120.05 [4]) is a lesser included offense of assault in the first degree under Penal Law § 120.10 (1) (*see People v Green*, 56 NY2d 427, 435 [1982], *rearg denied* 57 NY2d 775 [1982]), and therefore should have been considered only in the alternative as an inclusory concurrent count of assault in the first degree (*see* CPL 300.30 [4]; 300.40 [3] [b]; *People v Fort*, 292 AD2d 821 [2002], *lv denied* 98 NY2d 710 [2002]). We therefore modify the judgment accordingly. The sentence is not unduly harsh or severe. Present—Martoche, J.P., Smith, Peradotto, Green and Pine, JJ.