■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP MINUCCI, Appellant. [850 NYS2d 403]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered January 14, 2004, convicting defendant, upon his plea of guilty, of manslaughter in the second degree, and sentencing him to a term 3½ to 10½ years, and order, same court and Justice, entered October 6, 2005, which denied defendant's motion to vacate the judgment pursuant to CPL 440.10, unanimously affirmed. The matter is remitted to Supreme Court, New York County for further proceedings pursuant to CPL 460.50 (5).

Defendant, a scaffolding erector with 10 years of experience in the industry, constructed a 13-story scaffold the weight of which exceeded the load-bearing capacity of the preexisting beams at the site that defendant used as the foundation for the scaffolding. The scaffold collapsed, killing five workers and seriously injuring four other people. In his allocution, defendant

admitted to facts supporting the inference that he acted recklessly (*see People v McGowen*, 42 NY2d 905 [1977]). He admitted that he was aware of the potential danger of the scaffolding, that he designed it himself rather than comply with his legal duty to hire a licensed professional engineer to design the scaffold, and that he did so without knowing or calculating its load capacities.

Defendant's guilty plea to one count manslaughter in the second degree, in full satisfaction of the indictment, was knowing, intelligent and voluntary. The fact that defendant did not recite every element of the crime to which he pleaded did not trigger a duty to inquire further (*People v Lopez*, 71 NY2d 662, 666 n 2 [1988]). Moreover, defendant swore under oath that he had "thoroughly" discussed the plea with his counsel, and "there is no requirement that the Judge conduct a *pro forma* inquisition in each case on the off-chance that a defendant who is adequately represented by counsel and who admits the underlying facts may nevertheless not know what he is doing" (*People v Francis*, 38 NY2d 150, 154 [1975]).

For substantially the same reasons stated by Supreme Court in its written decision dated October 6, 2005, we agree that defendant's motion to set aside the judgment of conviction pursuant to CPL 440.10 (1) (h) on the ground of ineffective assistance of counsel was properly denied without a hearing. In particular, as Supreme Court noted, defendant's claim that counsel advised him that to prove recklessness the People were required to prove only that he disregarded the applicable federal and local regulations is belied by the plea allocution and is not supported either by the affidavit provided by counsel at the request of defendant's new attorneys or by the affidavit of defendant's wife. Moreover, the record fully supports Supreme Court's conclusion that counsel's "thorough familiarity with the law of reckless manslaughter was manifest from his many appearances on defendant's behalf and the substance and high quality of his written submissions, as well as his status at the bar as a knowledgeable and experienced defense attorney. [Counsel] clearly understood every aspect of the case including, but not limited to, the *mens rea* of reckless manslaughter."

On appeal, defendant places great emphasis on evidence that after constructing the scaffold, he walked on it himself. According to defendant, that evidence negates any justification for counsel's advice, upon which defendant asserts he placed great reliance, that defendant was "virtually certain" to be convicted if he proceeded to trial. The record, however, establishes that counsel was fully cognizant of that evidence and of the require-

ment that the People prove that defendant was aware of and consciously disregarded a substantial and unjustifiable risk of death. Even assuming the truth of defendant's assertion in support of his motion that he "did not understand" when he pleaded guilty that the People were required to prove that he had been aware of and consciously disregarded such a risk of death, defendant's failure to understand does not itself establish a failure by counsel, let alone that "his attorney's performance was so deficient and his actions so unreasonable that they fell outside the scope of professional competence" (*People v Alexander*, 162 AD2d 164, 164 [1990]). In any event, like his evaluation of each of the other items of evidence, favorable and unfavorable, and of the cumulative effect of all the evidence, counsel's evaluation of the evidence that defendant walked on the structure after it was constructed entails professional judgment. That one item of evidence is not sufficient to establish that counsel's advice that defendant should plead guilty to a lesser charge was "so unreasonable [as to] f[a]ll outside the scope of professional competence" (*id*.). Concur—Saxe, J.P., Marlow, Buckley, Catterson and McGuire, JJ.