THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK JADOONANAN, Appellant. [935 NYS2d 26]—

One evening, after arguing with his mother in her home over money, the defendant pulled out a gun and shot his mother's boyfriend, killing him. At trial, the People were permitted to elicit testimony that the defendant's father physically abused his mother for years, and stabbed her 17 times, a crime for which the father was incarcerated at the time of the incident at issue in this matter. They were also permitted to elicit testimony from the mother that the defendant told her periodically, during the time the defendant was between 8 and 17 years old, that she should leave the father and not be with anyone else. The People were also permitted to elicit testimony as a result of a *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) that the mother believed the defendant had a gun in his posses-

sion about a month before the shooting. The defendant contends that these evidentiary rulings deprived him of a fair trial.

The hearing court's *Sandoval* ruling permitting the People to elicit testimony that the mother believed the defendant possessed a gun about a month before the shooting was a provident exercise of its discretion (*see People v Hayes*, 97 NY2d 203, 207-208 [2002]; *People v Duffy*, 36 NY2d 258, 262 [1975], *cert denied* 423 US 861 [1975]; *People v Springer*, 13 AD3d 657 [2004]).

The defendant's contention that the trial court erred in permitting the People to introduce testimony that his father abused his mother is unpreserved for appellate review (*see People v Heide*, 84 NY2d 943, 944 [1994]; *People v Hamm*, 42 AD3d 550 [2007]). In any event, the trial court providently exercised its discretion in permitting that testimony, as well as testimony that the defendant repeatedly told his mother that she should leave the father and not be with anyone else (*see People v Mateo*, 2 NY3d 383, 424-425 [2004], *cert denied* 542 US 946 [2004]).

The defendant's trial attorney provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]). Florio, J.P., Dickerson, Chambers and Cohen, JJ., concur.