People v Ramos (2018 NY Slip Op 07669)





People v Ramos


2018 NY Slip Op 07669


Decided on November 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Gesmer, Singh, JJ.


7593 6080/16

[*1]The People of the State of New York, Respondent,
v
Jesus Ramos, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Becky Stern of counsel), for respondent.



Judgment, Supreme Court, New York County (Anthony J. Ferrara, J.), rendered August 12, 2016, convicting defendant, after a nonjury trial, of two counts of attempted forcible touching and one count of sexual abuse in the third degree, and sentencing him to concurrent terms of 15 days, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations, in which it credited the testimony of the victim and two police officers, and found defendant not to be credible.
The court properly denied defendant's motion to suppress a statement he made when, after the officer informed defendant he was being arrested for forcible touching and sexual abuse, the officer added the remark, "You can't touch people on the train." Miranda warnings were not required because the officer's declarative comment was not reasonably likely to elicit an incriminating response (see e.g. People v Huffman, 61 NY2d 795, 797 [1984]; People v Wilson, 279 AD2d 381 [1st Dept 2001], lv denied 96 NY2d 869 [2001]). Rather than engaging in formal questioning or its functional equivalent, the officer essentially informed defendant of the accusation against him (see People v Ealey, 272 AD2d 269, 270 [1st Dept 2000], lv denied 95 NY2d 865 [2000]). In any event, although defendant claims that the exculpatory statement at issue contained prejudicial matter, any error in the admission of the statement was harmless, particularly in a nonjury trial.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 13, 2018
CLERK