■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN McBRIDE, Appellant. [610 NYS2d 481] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered July 19, 1990, convicting defendant, after a jury trial, of robbery in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent prison terms of 2½ to 7½ years, and 1 year, respectively, unanimously affirmed.

Viewed most favorably to the People, we find the evidence legally sufficient to establish that defendant struck the victim for the purpose of forcibly taking money (Penal Law § 160.10 [2] [a]; *Matter of Juan J.,* 81 NY2d 739). We also find that defendant's acquittal of robbery under the theory of "aided by another person actually present" (Penal Law § 160.10 [1]), although illogical, was irrelevant to the sufficiency of the evidence supporting the count on which defendant was convicted *(see, People v Rodriguez,* 179 AD2d 554).

Although we are not aware of the extensiveness of the practice by trial courts to inspect jury verdict sheets prior to

rendition, we question the propriety of this practice and counsel against its continued use. In this instance, the interception of the verdict sheet prior to announcement of the verdict, and finding the verdict sheet defective in reflecting an intent to convict the defendant of robbery second degree while acquitting him of petit larceny, did not constitute the "rendering" of a "verdict" *(see, Matter of Oliver v Justices of N. Y. Supreme Ct.,* 36 NY2d 53). Therefore the defendant's presence was not absolutely required.

Assuming, arguendo, that the verdict sheet was the equivalent of a communication from the jury, which normally should have been shown or read verbatim to counsel *(People v O'Rama,* 78 NY2d 270), we find that the court indirectly disclosed the defect in the verdict sheet, never declined to disclose the verdict sheet itself, and never was asked to do so. Therefore, this issue was unpreserved. Were we to review it in the interest of justice, we would find it without merit, because counsel was apprised of the defect in the verdict sheet and participated meaningfully in the formulation of the court's response in respect thereto. We further find that this response was properly balanced, in that it instructed the jury to reconsider all portions of its proposed defective verdict *(People v Salemmo,* 38 NY2d 357, 361). Concur—Murphy, P. J., Sullivan, Carro, Rosenberger and Asch, JJ.