■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMEL McDOWELL, Appellant. [628 NYS2d 336] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered May 22, 1992, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of the intentional murder of Jonathan Powell. The testimony at trial established that Powell and his cousin, Divine Thomas, were approached by a group of young men in a courtyard outside a party. The defendant, facing both Thomas and Powell, pulled out a gun. According to Thomas, the defendant pointed the gun at him, and as Powell stepped in front of Thomas, the defendant fired a shot, hitting Powell in the chest.

Another of the young men who attended the party, Danny Blackman, testified that as the defendant and two of his companions were running through the courtyard, Powell called to them. The trio approached Powell, and each pulled out a gun. The defendant turned to face Powell, who was standing next to Thomas, and pointed the gun at Powell and Thomas, as his cohorts pointed their guns in the air. Powell then began to step in front of Thomas, on an angle, and asked why the three were pulling out guns "over nothing". The defendant, still pointing the gun at Thomas and Powell, or just Powell, fired a shot.

The court submitted to the jury, *inter alia,* two counts of murder in the second degree, the first count based on the intent to kill Powell, and the second count based on a transferred intent theory, i.e., that the defendant killed Powell while intending to kill Thomas, instructing the jurors to consider the two counts in the alternative.

The jury foreperson announced that the jury had found the defendant guilty of the first count, and, when the clerk inquired as to the second count, the court interjected, "Forget it, it's in the alternative". The jurors then affirmed their verdict, and were subsequently polled.

After the jury was discharged, the court informed counsel that the jury had also returned a verdict of guilty on the second count, as reflected by the verdict sheet marked as a court exhibit and signed by the foreperson. However, since the court had submitted the two murder counts in the alternative, "the first count is the one that will prevail. I am not going to accept the second count * * * That verdict will be set aside".

On appeal, the defendant challenges both the legal and factual sufficiency of the evidence and contends that the jury verdict was inconsistent to the extent the jury found him guilty of both counts of murder. The defendant asserts that it is highly unlikely that he simultaneously had the specific intent to kill both Thomas and Powell. At most, the defendant argues, the trial testimony shows that he intended to kill Thomas and accidentally killed Powell, as evidenced by the jury's finding, rejected by the trial court, that he was guilty of second degree murder on a transferred intent theory. We disagree.

It is neither factually impossible nor rationally inconceivable that a defendant who is pointing a gun at two individuals, whether they are standing side by side or one partially in front of the other, may fully intend to kill both people. That the jury may have found that the defendant intended to kill both Powell and Thomas when he fired the fatal shot establishes neither that the evidence of the defendant's guilt on a direct intent theory was legally insufficient nor that the defendant acted with incompatible mental states, requiring a finding that the verdict was inconsistent *(see, e.g., People v Gallagher,* 69 NY2d 525). Based on the evidence presented, the jury could have rationally concluded that the defendant acted with the specific intent to kill both Powell and Thomas. The shooting occurred after Powell had engaged in a fist fight with a member of the defendant's group. The fight was precipitated by a prior incident when several members of that group had pushed and intimidated Thomas.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the trial court did not err in rejecting the jury's finding of guilt on the second count of murder. Inasmuch as the counts were not inconsistent, the court was not required to submit them in the alternative *(see,* CPL 300.30 [5]; 300.40 [5]). Therefore, it was within the court's discretion to refuse to enter a verdict on the second count. When a jury improperly finds a defendant guilty of two crimes requiring inconsistent mental states, a court may not resolve the contradiction by simply electing to dismiss one of the convictions because in doing so, the court would have to substitute its own determination of the culpable mental state for the factual determination of the jury *(see, People v Gallagher, supra,* at 529-530). However, when, as here, the jury merely fails to comply with a court's instructions not to reach a verdict on an alternative concurrent count, and does not thereby reach an inconsistent or repugnant verdict, or one which "exhibits a confusion on the part of the jury such that its intention with respect to individual counts of the indictment is uncertain" *(People v Robinson,* 45 NY2d 448, 453), the court is not required to resubmit the case to the jury. It is permitted to remedy the jury's lapse by simply refusing to accept the verdict on the alternative concurrent count *(see, People v Robinson, supra,* at 453; *People v Loughlin,* 76 NY2d 804).

The trial court properly denied the defendant's motion to set aside the verdict pursuant to CPL 330.30 on the ground of newly discovered evidence *(see, People v Copeland,* 185 AD2d 280; *People v Fielder,* 154 AD2d 388; *People v Latella,* 112 AD2d 321).

Finally, the sentence imposed is not excessive *(see, People v Suitte,* 90 AD2d 80). Copertino, J. P., Santucci, Altman and Krausman, JJ., concur.