■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN LOCKETT BROWN, Appellant. [630 NYS2d 91] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered November 10, 1993, convicting him of manslaughter in the first degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arises out of the fatal shooting of one woman, Brown, and the attempted murder of another, Lowe.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The record indicates that the first three counts submitted to the jury involved the victim Brown, i.e., murder in the second degree, manslaughter in the first degree, and manslaughter in the second degree, and the fourth and fifth counts submitted involved the victim Lowe, i.e., attempted murder in the second degree and assault in the first degree. The trial court instructed the jurors to consider the lesser-included offenses of manslaughter with respect to Brown and the lesser offense of assault with respect to Lowe, only if they found the defendant not guilty of the higher counts of murder in the second degree with respect to Brown, and attempted murder in the second degree with respect to Lowe.

After receiving a note from the jury that it had reached a verdict, the trial court sent for the verdict sheet and reviewed it. Contrary to the defendant's argument, this conduct by the court did not constitute the "rendering" of a "verdict" *(see, Matter of Oliver v Justices of N. Y. Supreme Ct.,* 36 NY2d 53; *People v McBride,* 203 AD2d 86, 87), and the defendant's presence was not required at that point *(People v McBride, supra).*

Thereafter, in the presence of the defendant and his counsel, the trial court polled the jurors. Their responses, *inter alia,* confirmed what the court had ascertained upon reviewing the

verdict sheet, i.e., that the jury had not reached a unanimous verdict on the highest count relating to Brown, but had found the defendant guilty on the highest count relating to Lowe, i.e., the fourth count, which charged the defendant with attempted murder in the second degree. Under these circumstances, the trial court properly accepted a partial verdict on the fourth count and directed the jury to resume its deliberations with respect to the first three counts which related to Brown *(see,* CPL 300.40 [3] [b]; 300.50 [4]; 310.50 [2]; 310.70 [1] [b] [i]).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]), or without merit. Mangano, P. J., Thompson, Ritter and Florio, JJ., concur.