■ The People of the State of New York, Respondent, v Luis Perez, Appellant. [654 NYS2d 128] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered January 5, 1995, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/2$ to 9 years, unanimously affirmed.

The court's refusal to permit defendant to call a witness was not reversible error because defendant's offer of proof did not establish the relevance of the witness's prospective testimony (*People v Arroyo*, 77 NY2d 947). The proffered testimony concerned collateral matters, and, to the extent that it may have corroborated defendant's testimony, it likewise did so only as to collateral matters. In any event, any error in prospectively precluding such testimony would have been harmless because such testimony could not have affected the verdict.

Defendant failed to preserve his claim that, after polling the jurors as to their guilty verdict on the third-degree possession count, the court should have proceeded to poll them as to their purported guilty verdict on the seventh-degree possession count, and we decline to review it in the interest of justice. Were we to review it, we would find that there was no reason to further poll the jurors. The purported verdict was merely a verdict sheet entry, and thus did not constitute a duly rendered verdict (*see, People v McBride*, 203 AD2d 86, *lv denied* 83 NY2d 969). Moreover, such verdict would have been contrary to the court's instructions to consider the counts in the alternative, and a verdict of guilty of the lesser included offense would have been necessarily included within the higher count. Concur—Sullivan, J. P., Ellerin, Tom and Andrias, JJ.