■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEHMINE BROWN, Appellant. [673 NYS2d 644] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered June 27, 1996, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of 11 to 22 years, unanimously affirmed.

The court properly admitted defendant's statements concerning his participation in a planned, but aborted robbery, involving the same accomplices, in temporal and spatial proximity to the instant crime, because these statements were relevant to defendant's motive and intent (*see, People v Rivera*, 221 AD2d 213), provided background information to complete the narrative of events (*see, People v Edmonds*, 223 AD2d 455, 456, *lv denied* 88 NY2d 984), and were inextricably interwoven with the charged crime (*see, People v Ortiz*, 238 AD2d 213, *lv denied* 90 NY2d 862). The trial court properly determined that the probative value of such evidence outweighed its potential for prejudice.

Defendant's failure to object to the trial court's responses to jury notes and its supplemental charges renders his current arguments unpreserved for review as a matter of law, and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court did not unfairly or excessively marshal the facts of the People's case, that the hypothetical examples were appropriate and that the supplemental charge, viewed in its entirety, conveyed the proper legal principles (*People v Wise*, 204 AD2d 133, 134-135, *lv denied* 83 NY2d 973). We reject defendant's argument that one of the jury's notes should be read as an acquittal of the robbery in the first degree count (*see, People v McBride*, 203 AD2d 86, *lv denied* 83 NY2d 969). Concur—Lerner, P. J., Ellerin, Rubin, Tom and Andrias, JJ.