■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIMITRI STAROSTIN, Appellant. [698 NYS2d 6] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered May 10, 1995, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of $3^{1}/_{3}$ to 10 years, unanimously affirmed.

The court's detailed explanation of the counts of attempted murder in the second degree and assault in the first degree was a meaningful response to the deliberating jury's inquiry and a proper exercise of discretion (*see, People v Almodovar*, 62 NY2d 126). The court reasonably interpreted the jury's note as simply calling for the elements of the crimes charged and not instructions on the defense of justification.

The theory of defendant's case was that he stabbed the complainant in self-defense because the latter had made threats against him. Defendant claims that the court's exclusion of some evidence regarding these alleged threats deprived him of a fair trial. We disagree. The court properly precluded defense counsel from eliciting hearsay testimony from one of the officers who responded to the scene. Counsel wanted the officer to testify that defendant had told him about the complainant's threats. This was inadmissible hearsay, because defendant's statement that the complainant had threatened him was being offered to prove the truth of the matter asserted: namely, that before the assault, defendant believed the complainant posed a danger to him (*People v Reynoso*, 73 NY2d 816, 819). This type of evidence does not fall within the "state of mind" exception.

However, the court erred in preventing defendant from testifying that his mother had told him about a threatening message that the complainant left for him. It was a mistake for the court to treat this testimony as hearsay, since it was merely being offered to show defendant's state of mind (*People v Loria*, 190 AD2d 1006). The jury was free to believe or disbelieve his claim that the threats had been made and communicated in this manner, but that would be a question of credibility, not admissibility. Nevertheless, this ruling was harmless error, since defendant was allowed to present other evidence of the complainant's threatening behavior, including his own testimony and that of a disinterested witness who had overhead such threats (*People v Bruner*, 222 AD2d 738, 739, *lv denied* 88 NY2d 981), and since the jury was charged on justification (*compare, People v Loria, supra*, at 1007).

The court also properly precluded testimony from a witness concerning the complainant's character since the opinion was based on an individual's opinion and not the complainant's reputation in the community. To the extent that defendant is raising a constitutional issue with respect to the court's evidentiary rulings, that issue is unpreserved and we decline to review it in the interest of justice.

We perceive no abuse of sentencing discretion. Concur—Rosenberger, J. P., Williams, Rubin, Saxe and Buckley, JJ.