■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KISSHAWN JAMES, Respondent. [699 NYS2d 886] —Appeal by the People from an order of the Supreme Court, Kings County (Mason, J.), entered August 19, 1998, which granted the defendant's motion pursuant to CPL 330.30 (1) to set aside so much of a jury verdict as found him guilty of assault in the second degree.

Ordered that the order is reversed, on the law, the defendant's motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for sentencing on the conviction of assault in the second degree.

After the jury was discharged, the defendant moved pursuant to CPL 330.30 (1), to set aside the verdict on the ground of repugnancy. That statute permits a trial court to set aside or modify a verdict on any ground which would require reversal or modification, as a matter of law, by an appellate court. However, a claim that a verdict is repugnant must be made before the jury is discharged, in order to permit the court to resubmit the matter to the jury to obtain a consistent verdict. "Since the claim of repugnancy was made in this case after the jury was discharged, that issue was not preserved for appellate review as a matter of law, and accordingly the court was without power to set the guilty verdict aside on that ground" (*People v Harris,* 128 AD2d 432). Sullivan, J. P., Joy, Krausman and Luciano, JJ., concur.