■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR CLARK, Appellant. [742 NYS2d 70] —Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered November 2, 1998, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree under Indictment No. 1715/98, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered November 2, 1998, revoking a sentence of probation previously imposed by the same court (Coffinas, J.), upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his prior conviction of robbery in the first degree under Indictment No. 13896/94.

Ordered that the judgment and the amended judgment are affirmed.

On Halloween night of 1997, the defendant shot and killed Shawn Gittens at a Brooklyn game room. The defendant was charged with two counts of murder in the second degree (intentional and depraved indifference murder) as well as criminal possession of a weapon in the second degree. The trial court charged the jury on the indicted offenses as well as two lesser included offenses, manslaughter in the first degree and manslaughter in the second degree. The court instructed the jury to consider the second degree manslaughter charge only if it first found the defendant not guilty of manslaughter in the first degree. The jury found the defendant guilty of manslaughter in the first degree and criminal possession of a weapon in the second degree, and that verdict was recorded.

After sentencing, appellate counsel obtained from the Supreme Court file a verdict sheet which revealed that the jury had checked "guilty" next to the charge of manslaughter in the first degree, and "not guilty" next to the charge of manslaughter in the second degree, seemingly in violation of the court's instructions not to consider the second degree charge if

it found the defendant guilty of the first degree charge. The defendant argues that he was deprived of his right to effective assistance of counsel and due process of law by the trial court's failure to apprise the defense counsel of the jury's "confusion" as manifested by the "repugnant" entries on the verdict sheet, and that had counsel been so informed, he would have been able to argue for prompt responsive action. We disagree, and accordingly, affirm.

The defendant's claim is not preserved for appellate review because the defense counsel neither requested the verdict sheet nor raised any objections with respect to its handling (*see* CPL 470.05 [2]; *People v McBride,* 203 AD2d 86, 87). Moreover, a repugnancy claim must be made before the jury is discharged so that the matter can be resubmitted to the jury (*see People v James,* 267 AD2d 327; *People v Granston,* 259 AD2d 760, 761).

The defendant's claim is, in any event, without merit. The check mark on the verdict sheet indicating a finding of not guilty of manslaughter in the second degree, a count the jury was instructed not to consider if it convicted the defendant of first degree manslaughter, did not constitute a verdict (*see Matter of Oliver v Justices of N.Y. Supreme Ct. of N.Y. County,* 36 NY2d 53; *People v Perez,* 236 AD2d 298; *People v McBride, supra*; *People v Allums,* 193 AD2d 688). The defendant's reliance on *People v McDowell* (216 AD2d 419) is misplaced. There, the court dealt with compatible states of mind. Thus, there was no repugnancy even if the verdict sheet entry constituted a verdict, a point the *McDowell* court had no occasion to reach.

Further, the defendant's claim that the trial court sua sponte should have displayed the verdict sheet to the defense counsel is similarly meritless. A trial court has a duty to provide defense counsel with meaningful notice as to the "actual specific content" of a "substantive juror inquiry" or jury communication to ensure both counsel's presence in the courtroom and that counsel has the opportunity to be heard (*People v O'Rama,* 78 NY2d 270, 276-277). A verdict sheet is not, however, a jury communication requesting "information or instruction" (*People v O'Rama, supra* at 276), which the trial court must affirmatively display to counsel (*see People v Brown,* 217 AD2d 703; *see generally People v McBride, supra*). Ritter, J.P., O'Brien, Crane and Cozier, JJ., concur.