■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE BOATWRIGHT, Appellant. [748 NYS2d 541]

Defendant's present challenge to testimony by the victim's mother, in which she stated that the victim had told her of certain threats made by defendant against her and her family, is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that this testimony was not admitted for its truth, but was properly admitted to explain the witness's state of mind when she told the police she did not wish to go forward with the charges (*see People v Starostin*, 265 AD2d 267, 268, *lv denied* 94 NY2d 885; *see also People v Ealey*, 272 AD2d 269, 270, *lv denied* 95 NY2d 865; *Tennessee v Street*, 471 US 409).

The court properly excluded testimony from defendant's mother about what the victim's mother had told her about defendant not having been involved in the crime. This evidence constituted double hearsay having no purpose other than to prove the truth of the matter asserted (*see People v Reynoso*, 73 NY2d 816, 819; *People v Starostin*, 265 AD2d at 267). Furthermore, the court properly excluded testimony by defendant's grandmother concerning her reason for being afraid to meet with the victim's family, since this testimony was irrelevant or collateral to the issues presented at trial. In any event, none of the court's limitations on defense testimony could have had an adverse impact on defendant's right to present a defense.

The only verdict in this case was the verdict announced in open court, convicting defendant of first-degree assault. The court had no sua sponte obligation to inform defendant that the verdict sheet, contrary to the court's instructions, also contained a notation by the jury indicating a proposed not guilty verdict on the lesser included offense of second-degree assault (*People v Clark*, 293 AD2d 624). A verdict sheet is neither a verdict nor a substantive communication from the jury (*id.*; *see also People v Perez*, 236 AD2d 298, *lv denied* 89 NY2d 1039; *People v McBride*, 203 AD2d 86, *lv denied* 83 NY2d 969; *compare People v O'Rama*, 78 NY2d 270). Moreover, defendant never requested to examine the verdict sheet and was never prevented by the court from doing so. Concur—Mazzarelli, J.P., Andrias, Buckley, Sullivan and Lerner, JJ.