■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERTO OLIBENCIA, Appellant. [845 NYS2d 398]—

Appeal by the defendant from a judgment of the County

Court, Rockland County (Resnik, J.), rendered March 12, 2002, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court restricted his ability to present a defense by improperly curtailing his cross-examination of a prosecution witness, and precluding him from testifying regarding the witness's prior bad acts and evidence of third-party culpability. We disagree. The trial court did not improvidently exercise its discretion in limiting the defense counsel's cross-examination of the witness as to prior bad acts because counsel failed to establish a good-faith basis in fact for this inquiry (see People v Kass, 25 NY2d 123, 125-126 [1969]; People v Duffy, 36 NY2d 258, 262 [1975]; People v Schwartzman, 24 NY2d 241 [1969], cert denied 396 US 846 [1969]; People v Jones, 173 AD2d 735 [1991]; People v Dellarocco, 115 AD2d 904 [1985]). Moreover, the trial court providently exercised its discretion in excluding evidence that another party may have committed the crime for which the defendant was being tried. That evidence was purely speculative in nature and would have caused undue delay, prejudice, and confusion (see People v Schulz, 4 NY3d 521, 528 [2005]; People v Primo, 96 NY2d 351, 356-357 [2001]; People v Paixao, 23 AD3d 677 [2005]). Since the defendant never objected to the exclusion of this evidence on any constitutional ground, his constitutional claims with respect to the trial court's rulings on these matters are unpreserved for appellate review (see CPL 470.05 [2]; People v Angelo, 88 NY2d 217, 222 [1996]; People v Stephens, 84 NY2d 990, 992 [1994]), and we decline to review them in the exercise of our interest of justice jurisdiction.

The defendant's contention that the trial court's refusal to grant him adjournments to obtain the criminal records of two of the People's witnesses violated his constitutional right to due process is without merit. Since the defendant was made aware of the witnesses' prior criminal histories and used them for impeachment purposes, he was not prejudiced by the denial of his requests for adjournments (see People v Osborne, 91 NY2d 827, 828 [1997]; see also People v Lane, 221 AD2d 371 [1995]).

Testimony concerning a prior uncharged crime was properly admitted since it was relevant to the issues of the defendant's intent and motive, and its probative value outweighed its potential for prejudice (see People v Alvino, 71 NY2d 233, 242 [1987]; People v Molineux, 168 NY 264, 293-294 [1901]; People v

*Tarver,* 2 AD3d 968 [2003]). Moreover, the People properly sought a ruling as soon as they became aware of the evidence and prior to the witness testifying *(see People v Ventimiglia,* 52 NY2d 350, 362 [1981]), and the defendant has failed to demonstrate that he was prejudiced in any way by the timing of the ruling *(see People v Garing,* 37 AD3d 849 [2007]).

The defendant's remaining contentions regarding a prosecution witness's invocation of the Fifth Amendment privilege against self-incrimination, the admission of the codefendant's grand jury testimony, the prosecutor's alleged transgression of the *Molineux* ruling, and the failure of the court to give limiting instructions regarding the purpose for which the uncharged crime evidence was received, are unpreserved for appellate review *(see* CPL 470.05 [2]), and we decline to review them in the exercise of our interest of justice jurisdiction. Schmidt, J.P., Rivera, Krausman and Florio, JJ., concur.