THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOHNSON, Appellant. [853 NYS2d 606]—

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The People's case, although circumstantial, included evidence that at the time of the shooting, the defendant was seen in the immediate vicinity of the vehicle in which the victim was shot, had a motive, fled to Alabama after the incident, and lived under an assumed identity (*see People v Yazum,* 13 NY2d 302, 304 [1963]; *see also People v Robinson,* 10 AD3d 696 [2004]; *People v Jamison,* 173 AD2d 341, 342 [1991]). Accordingly, the evidence was sufficient to permit a rational juror to find the defendant guilty beyond a reasonable doubt (*see People v Contes,* 60 NY2d 620 [1983]).

The defendant contends that the prosecution witnesses, because of their criminal histories and involvement with illegal drugs, should not have been believed by the jury. However, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witness, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

When a defendant seeks to introduce evidence that a third party may have committed the crime, the court must weigh the probative value of such evidence against its potential for undue prejudice, trial delay, and jury confusion (*see People v Primo*, 96 NY2d 351, 356 [2001]). Evidence of third-party culpability may not rest on mere suspicion, surmise, or speculation (*id.* at 357; *see People v Paixao*, 23 AD3d 677, 678 [2005]; *People v Diehl*, 6 AD3d 455 [2004]). Here, the trial court properly denied the defendant's request to cross-examine a witness regarding an alleged plan by the victim to commit a crime which, if actually committed, might have motivated unnamed third parties to kill the victim. Prudenti, P.J., Miller, Dillon and McCarthy, JJ., concur.