■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERTO OLIBENCIA, Appellant. [879 NYS2d 343]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated November 7, 2007 (*People v Olibencia,* 45 AD3d 607 [2007]), affirming a judgment of the County Court, Rockland County, rendered March 12, 2002.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]; *People v Stultz,* 2 NY3d 277 [2004]). Prudenti, P.J., Mastro, Rivera and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHEEM PRESTON, Appellant. [879 NYS2d 345]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered June 21, 2007, convicting him of burglary in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

To the extent that the defendant contends that the evidence relating to his conviction of burglary in the second degree with regard to the Cornelia Street premises was legally insufficient, this contention is unpreserved for appellate review (*see People v Hawkins,* 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt with respect to the Cornelia Street burglary was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Rivera, J.P., Eng, Chambers and Hall, JJ., concur.