■ The People of the State of New York, Respondent, v Jair Williams, Appellant. [883 NYS2d 566]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered October 10, 2002, convicting him of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly permitted the People to introduce evidence that the defendant and one of the victims were involved in a fistfight approximately six weeks prior to the shooting at issue. This evidence was relevant to the defendant's intent and motive for committing the crimes charged, and its probative value outweighed its potential for prejudice (*see People v Alvino,* 71 NY2d 233, 242 [1987]; *People v Olibencia,* 45 AD3d 607, 608 [2007]).

Contrary to the defendant's contention, the trial court did permit his attorney to elicit evidence that he had been shot on two prior occasions, in 1995 and in 2001, and did not prevent his attorney from arguing in summation that someone other

than the defendant committed the shooting at issue. To the extent that the defendant contends that the trial court prevented him from presenting evidence demonstrating that, and arguing before the jury that, an unidentified third party committed the shooting at issue, his claim is without merit. Such evidence or argument that an unidentified third party may have committed the shooting was purely speculative and would have caused undue delay, prejudice, and juror confusion (*see People v Schulz*, 4 NY3d 521, 528-529 [2005]; *People v Johnson*, 49 AD3d 664, 665 [2008]; *People v Olibencia*, 45 AD3d at 608; *People v Mane*, 36 AD3d 1079, 1080-1081 [2007]). The defendant's constitutional argument with respect to the court's exclusion of this evidence is not preserved for appellate review, and we decline to review it in the exercise of our interest of justice jurisdiction (*see People v Decker*, 51 AD3d 686, 687 [2008], *affd* 13 NY3d 12 [2009]; *People v Olibencia*, 45 AD3d at 608).

The defendant's contention that the trial court's adverse inference charge regarding the loss of a police officer's memo book was inadequate also is unpreserved for appellate review, and we decline to review it in the exercise of our interest of justice jurisdiction (*see* CPL 470.05 [2]; *People v Castillo*, 34 AD3d 221, 222 [2006]; *People v Harris*, 29 AD3d 387, 388 [2006]; *People v Delgado*, 282 AD2d 223 [2001]).

The defendant's contention that the trial court's *Allen* charge (*see Allen v United States*, 164 US 492 [1896]) was unbalanced and coercive also is unpreserved for appellate review, and we decline to review it in the exercise of our interest of justice jurisdiction (*see* CPL 470.05 [2]; *People v Fong*, 16 AD3d 179, 180 [2005]; *People v McEachin*, 296 AD2d 423, 424 [2002]; *People v Johnson*, 221 AD2d 660 [1995]; *cf. People v Battle*, 15 AD3d 413, 413-414 [2005]; *People v Auguste*, 294 AD2d 371, 371-372 [2002]).

It is undisputed that after a period of deliberation, the jury returned a repugnant verdict. However, the defendant's contention that the trial court erred because it did not afford defense counsel the opportunity to discuss with the court the proposed response to the repugnant verdict before the court addressed the jury is without merit. Where a jury returns a repugnant or legally defective verdict, the trial court, pursuant to CPL 310.50 (2), is "obligated to explain the defect to the jury and direct it to reconsider the verdict" (*People v Schermerhorn*, 283 AD2d 524, 524-525 [2001]). Thus, here, the trial court properly directed the jury to continue to deliberate after the court explained why it could not accept the jury's verdict. Contrary to

the defendant's contention, the trial court was not obligated to discuss with counsel its proposed explanation to the jury after the jury returned the repugnant verdict but prior to addressing the jury. While it may have been better practice for the Supreme Court to have afforded counsel the opportunity to be heard, the submission of a verdict does not constitute a jury communication requesting information or instruction (*see People v Clark*, 293 AD2d 624, 625 [2002]), and it does not trigger the "meaningful notice" requirement set forth in CPL 310.30, implicated when a court receives such a communication from the jury (*see generally People v O'Rama*, 78 NY2d 270, 277 [1991]). Moreover, unlike CPL 310.30, CPL 310.50 (2) contains no requirement that the trial court provide notice to the People and defense counsel. We also note that defense counsel did not ask to approach the bench or request a sidebar conference after the repugnant verdict was rendered, and the trial court did not in any manner prevent defense counsel from making such a request (*compare People v Starling*, 85 NY2d 509, 513-514 [1995], *with People v Cook*, 85 NY2d 928, 930-931 [1995]; *see People v Campbell*, 48 AD3d 204, 205 [2008]).

"A verdict sheet is neither a verdict nor a substantive communication from the jury" (*People v Boatwright*, 297 AD2d 603, 604 [2002]). The fact that the trial court directed the foreperson of the jury to complete the verdict sheet in open court immediately before the jury announced its final verdict does not mandate reversal of the defendant's conviction (*see People v Ochoa*, 10 Misc 3d 1060[A], 2005 NY Slip Op 52055[U] [2005], *affd* 57 AD3d 342 [2008]; *see also People v Boatwright*, 297 AD2d at 604; *People v Clark*, 293 AD2d at 624). Moreover, if any juror disagreed with the determination as rendered or found there to be a mistake in the verdict as announced, he or she could have so indicated when the jury was polled.

The defendant's remaining contentions are without merit. Mastro, J.P., Dickerson, Eng and Hall, JJ., concur.