[947 NE2d 130, 922 NYS2d 239]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIR WILLIAMS, Appellant.

Argued February 9, 2011; decided March 31, 2011

## POINTS OF COUNSEL

*Appellate Advocates*, New York City (*Warren S. Landau* and *Lynn W.L. Fahey* of counsel), for appellant. Appellant was denied his rights to due process, a jury trial, and the effective assistance of counsel when, during jury deliberations, the court (a) gave lengthy substantive instructions in response to the jury's first reported verdict without giving the defense advance notice and an opportunity to be heard; (b) delivered a coercive *Allen* charge, exhorting the jurors to eschew emotion and honor their oath; (c) allowed deliberations in open court in response to an incomplete verdict sheet; and (d) in numerous ways, signaled its personal view that appellant should be convicted of murder. (*Mullane v Central Hanover Bank & Trust Co.*, 339 US 306; *Fillippon v Albion Vein Slate Co.*, 250 US 76; *People v O'Rama*, 78

NY2d 270; *Curtis v Duval*, 124 F3d 1; *Connecticut v Doehr*, 501 US 1; *Mathews v Eldridge*, 424 US 319; *North Ga. Finishing, Inc. v Di-Chem, Inc.*, 419 US 601; *Matter of Jung [State Commn. on Jud. Conduct]*, 11 NY3d 365; *People v David W.*, 95 NY2d 130; *People v Kisoon*, 8 NY3d 129.)

*Charles J. Hynes, District Attorney*, Brooklyn (*Phyllis Mintz* and *Leonard Joblove* of counsel), for respondent. I. Defendant failed to preserve his claim that the statutory requirement of notice to counsel that applies when a court responds to a jury request for instruction or information also applies when the court responds to a jury's rendition of a defective verdict. In any event, that claim is meritless. (*People v Harris*, 98 NY2d 452; *People v Laraby*, 92 NY2d 932; *People v Padro*, 75 NY2d 820; *People v Patterson*, 39 NY2d 288, 432 US 197; *People v Kelly*, 5 NY3d 116; *People v Antommarchi*, 80 NY2d 247; *People v Ahmed*, 66 NY2d 307; *People v Michael*, 48 NY2d 1; *People ex rel. Battista v Christian*, 249 NY 314; *People v Fleming*, 70 NY2d 947.) II. Defendant failed to preserve his claim that the *Allen* charge was improper. In any event, the claim is without merit. (*People v Tonge*, 93 NY2d 838; *People v Tevaha*, 84 NY2d 879; *People v Pagan*, 45 NY2d 725; *People v Hoke*, 62 NY2d 1022; *People v Kisoon*, 8 NY3d 129; *People v Weinberg*, 83 NY2d 262; *People v Malloy*, 55 NY2d 296; *Allen v United States*, 164 US 492; *People v Aponte*, 2 NY3d 304; *People v Faber*, 199 NY 256.) III. Defendant failed to preserve his claim that the court erred by directing the foreperson to complete the verdict sheet in open court and that the court thereby caused public deliberations to occur. In any event, that claim is meritless. (*People v Kelly*, 5 NY3d 116; *People v Harris*, 98 NY2d 452; *People v Laraby*, 92 NY2d 932; *People v Padro*, 75 NY2d 820; *People v Alfaro*, 66 NY2d 985; *People v Thomas*, 50 NY2d 467; *People v Agramonte*, 87 NY2d 765.) IV. Defendant failed to preserve his claim that the court's supplemental instructions, as a whole, were improper. In any event, the claim is meritless. (*People v Chin*, 67 NY2d 22; *People v Crimmins*, 36 NY2d 230; *People v Shilitano*, 218 NY 161; *People v Payne*, 3 NY3d 266.)

**OPINION OF THE COURT**

Jones, J.

Defendant was indicted for murder and other charges stemming from a shooting at a Brooklyn dance club in which a woman was killed and a man, with whom she was dancing, was wounded. The People theorized that the male victim was the

intended target and the female victim was accidentally killed by a bullet which struck her after passing through him.

At trial, the court submitted the following seven counts to the jury: (count 1) murder in the second degree (depraved indifference murder as to female victim); (count 2) murder in the second degree (intending to cause male victim's death, defendant caused female victim's death); (count 3) manslaughter in the first degree (intending to cause serious physical injury to male victim, defendant caused female victim's death); (count 4) manslaughter in the second degree (defendant recklessly caused female victim's death); (count 5) attempted (intentional) murder in the second degree (as to the male victim); (count 6) assault in the first degree (defendant intended to cause and caused serious physical injury to male victim); and (count 7) criminal possession of a weapon in the second degree. Counts 1-4 relate to the female victim, while counts 5 and 6 relate to the male victim.

On April 30, 2002, the second day of deliberations, the jury announced its verdict. The jury acquitted defendant of both second-degree murder counts (depraved indifference murder and intentional murder on a transferred intent theory), but convicted defendant of manslaughter in the first degree and attempted intentional murder in the second degree. The jury also acquitted defendant of assault in the first degree and criminal possession of a weapon in the second degree. Without notifying the parties of its intended response to the jury verdict, or of the instructions it proposed to give to the jury, the court responded to the jury's verdict. Defendant did not object to the court's not providing such notice.

The court explained to the jury that by its verdict acquitting defendant of transferred intent murder, it found that defendant did *not* intend to kill the male victim; whereas, by the jury's finding defendant guilty of attempted murder, it found that defendant had the requisite intent to kill the male victim. The court further explained that by acquitting defendant of first-degree assault, the jury found that defendant lacked the intent to cause the male victim serious physical injury; whereas the jury's guilty verdict on the first-degree manslaughter count necessarily required a finding that defendant intended to cause the male victim serious physical injury.

The court then advised the jury that it would not accept the verdict at that time, explained the inconsistencies in the verdict and the concept of transferred intent to the jury, instructed the jury to reconsider and decide what the People had proven regarding defendant's state of mind, and directed the jury to

resume deliberations. After the jury exited, defense counsel argued that the court's decision not to accept the verdict was a violation of defendant's right to a fair trial. In counsel's view, the verdict "should stand."

After deliberating for about an hour and a half, the jury sent a note to the court announcing it could not reach a unanimous verdict. Before bringing the jury back in, the court stated to counsel it would give an *Allen* charge and instruct the jury to resume deliberations. Defense counsel mounted a general objection to the proposed *Allen* charge, arguing the court should only instruct the jury to continue its deliberations. The court disagreed and issued an *Allen* charge to the jury. Defendant raised no objection that the actual charge given was coercive.

On the third day of deliberations, the jury reached a second verdict. According to the verdict sheet, the jury convicted defendant of transferred intent murder, attempted second-degree murder, and second-degree criminal possession of a weapon, but acquitted him of depraved indifference murder, first-degree manslaughter, second-degree manslaughter, and first-degree assault. The court informed the jury that the verdict sheet was not completed in accordance with its instructions and the instructions on the verdict sheet. The court stated, "I told you, if you found the defendant guilty of Count 1 and Count 2 [murder counts] return no verdict on Count 3 and Count 4 [manslaughter counts] . . . , leave the space blank on that verdict sheet." After explaining the error to the jury, the court returned the jurors to the jury room with a new verdict sheet.

Later that day, the jury returned its third (and final) verdict, but the verdict sheet did not indicate a verdict for count 1 (depraved indifference murder) and count 6 (first-degree assault). The court explained that the jury had to return a verdict on counts 1 and 6 and directed that if it had actually reached a verdict on those counts, the jury foreperson should complete the verdict sheet "at this time." After talking to some of the other jurors, the jury foreperson completed the verdict sheet in open court. Specifically, the jury foreperson checked "not guilty" on the two counts the jury overlooked.

Defendant was convicted of second-degree murder (on a transferred intent theory), second-degree attempted murder and weapon possession. He was sentenced to 25 years to life in prison. The Appellate Division affirmed (64 AD3d 734 [2009]), and a Judge of this Court granted defendant leave to appeal (14 NY3d 773 [2010]).

On appeal, defendant argues he was denied his constitutional right to due process, a fair trial, and the effective assistance of counsel because the trial court (1) contrary to CPL 310.30, did not afford defense counsel notice of and the opportunity to discuss the court's proposed response to the initial verdict before the court addressed the jury, (2) improperly directed the jury foreperson to complete the verdict sheet in open court and caused the jury to deliberate in public (in violation of the settled principle requiring jurors to deliberate in secret outside the courtroom), (3) gave a coercive *Allen* charge, and (4) signaled, through its supplemental instructions given in response to the first defective verdict, that defendant should be convicted of murder. These arguments are unavailing.

■ Defendant's primary contention is that the jury's reporting of a verdict inconsistent with the trial court's instructions was the functional equivalent of a jury request for further instruction or information, and that, consequently, defendant was entitled to notice and a chance to be heard pursuant to CPL 310.30.[1] Defendant further maintains that this argument does not have to be preserved because, similar to the problem contemplated under CPL 310.30, the alleged error goes to the mode of proceedings. For the following reasons, we disagree. First, defendant's argument disregards the plain language of CPL 310.30 and 310.50 (2), and would render CPL 310.50 (2) superfluous.[2] CPL 310.30 applies to specific "request[s]" by the jury "for further instruction or information" by the court in

---

1. CPL 310.30 provides:

"At any time during its deliberation, the jury may request the court for further instruction or information with respect to the law, with respect to the content or substance of any trial evidence, or with respect to any other matter pertinent to the jury's consideration of the case. Upon such a request, the court must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper. With the consent of the parties and upon the request of the jury for further instruction with respect to a statute, the court may also give to the jury copies of the text of any statute which, in its discretion, the court deems proper."

2. CPL 310.50 (2) provides:

"If the jury renders a verdict which in form is not in accordance with the court's instructions or which is otherwise legally defective, the court must explain the defect or error and must direct the jury to reconsider such verdict, to resume its deliberation for

response to a problem or concern *identified* by the jury; whereas CPL 310.50 (2) applies when a jury "renders a verdict which in form is not in accordance with the court's instructions or which is otherwise legally defective." That is, CPL 310.50 (2) addresses problems in a verdict of which the jury is necessarily unaware. Here, the trial court's explanation to the jury was a response to a verdict that was inconsistent with the court's instructions, not a response to a request for further instruction or information. Thus, the court's response was governed by CPL 310.50 (2), not section 310.30.

Second, while CPL 310.30 imposes upon the court the specific statutory duty to give the parties notice of the jury's request for further instruction or information before the court responds to the request (*see People v O'Rama*, 78 NY2d 270, 276-277 [1991] [Court addressed the scope of the CPL 310.30's notice requirement]), CPL 310.50 (2) does not. Section 310.50 (2) only provides that where a jury returns an inconsistent or legally defective verdict, "the court must explain the defect or error and must direct the jury to reconsider such verdict, to resume its deliberation for such purpose, and to render a proper verdict." The trial court here was not obligated to discuss with counsel its proposed explanation in response to the initial verdict prior to the court's addressing the jury.

Third, the Legislature deliberately differentiated between what is required of the court pursuant to CPL 310.30 and CPL 310.50 (2), respectively. By not including (or incorporating) CPL 310.30's notice requirement within the text of CPL 310.50 (2), the Legislature made a conscious choice that the notice requirement shall apply only to the court's response to a jury's request for further instruction or information, and not to the court's response to a jury's rendition of an inconsistent or defective verdict.

█ Defendant also claims that the trial court improperly directed the jury foreperson to complete the verdict sheet in open court and caused the jury to deliberate in public. There is

---

such purpose, and to render a proper verdict. If the jury persists in rendering a defective or improper verdict, the court may in its discretion either order that the verdict in its entirety as to any defendant be recorded as an acquittal, or discharge the jury and authorize the people to retry the indictment or a specified count or counts thereof as to such defendant; provided that if it is clear that the jury intended to find a defendant not guilty upon any particular count, the court must order that the verdict be recorded as an acquittal of such defendant upon such count."

nothing in the record suggesting that the court's direction called for or encouraged deliberations among the jurors. Further, the record does not show that any public deliberations in fact occurred. What the record shows is that there was a short (5 to 15 seconds) discussion among jurors after the court asked the foreperson to complete a verdict sheet that had not been filled out as to counts for which defendant was ultimately *acquitted*; as such, the conversation among the jurors was harmless.

In any event, the trial court, in directing the jury foreperson to indicate a verdict as to counts 1 and 6, asked that the foreperson perform what amounts to a ministerial (or clerical) act, since CPL 310.50 (3) converts any incomplete counts into acquittals. We hold that the performance of the instant ministerial act was not violative of the rule requiring jurors to deliberate in secret outside the courtroom.

Defendant's remaining contentions are not preserved for appellate review.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur.

Order affirmed.