The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]). There is no basis for disturbing the jury’s credibility determinations. The eyewitness testimony of defendant’s young son was extensively corroborated.
The court properly exercised its discretion in conducting certain proceedings on an ex parte, in camera basis (see CPL *436 240.90 [3]; People v Contreras, 12 NY3d 268, 273 [2009]). The principal result of these proceedings was the issuance of protective orders (see CPL 240.50) that delayed disclosure of the People’s intention to call defendant’s son as a witness. The delay was appropriate under the circumstances of the case, and, in any event, disclosure was made before the juncture set forth in CPL 240.45 for disclosure of witness statements. Defendant was not prejudiced by the ex parte nature of the proceedings. He was not deprived of any opportunity to impeach any witness concerning material matters revealed ex parte, including issues regarding his son’s mental condition. When it was revealed that defendant’s son had been seeing a therapist, defense counsel recognized that she could subpoena his therapy records, but she elected not to do so.
Defendant did not preserve his constitutional claims concerning the ex parte proceedings, or any of his constitutional and nonconstitutional claims regarding medical evidence, the prosecutor’s summation, or the court’s acceptance of the jury’s verdict. We reject defendant’s argument that the' latter claim involved a mode of proceedings error exempt from preservation requirements (see People v Williams, 16 NY3d 480 [2011]; see also People v Rodriguez, 276 AD2d 326 [1st Dept 2000], lv denied 96 NY2d 733 [2001]; People v Perez, 236 AD2d 298 [1997]). We decline to review these claims in the interest of justice. As an alternative holding, we reject each of these claims on the merits. Concur — Gonzalez, P.J., Sweeny, Richter, Román and Clark, JJ.