<partyblock>

The People of the State of New York, Respondent,  

against

Souleymane Gaye, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kevin B. McGrath, J.), rendered March 7, 2013, after a nonjury trial, convicting him of attempted petit larceny and attempted criminal possession of stolen property in the fifth degree, and imposing sentence.

Per Curiam.

Judgment of conviction (Kevin B. McGrath, J.), rendered March 7, 2013, affirmed.

We find unavailing defendant's challenge to the facial sufficiency of the accusatory instrument charging him with attempted petit larceny (see Penal Law  110.00/155.25) and attempted criminal possession of stolen property in the fifth degree (see Penal Law  110/165.40). The information - comprising the misdemeanor complaint and a store security officer's supporting deposition - alleged, inter alia, that defendant removed two specified items from an Apple store display shelf, concealed the items by placing them in a backpack and attempted to leave the store in possession of the property without paying for it (see People v Thornhill, 47 Misc 3d 146[A], 2015 NY Slip Op 50720[U] [App Term, 1st Dept 2015]; People v Bailey, 40 Misc 3d 126[A], 2013 NY Slip Op 51021[U] [App Term, 1st Dept 2013]; People v Riso, 39 Misc 3d 129[A], 2013 NY Slip Op 50437[U] [App Term, 1st Dept 2013], lv denied 21 NY3d 946 [2013]). No additional evidentiary details were required for the People's pleading to provide "adequate notice to enable defendant to prepare a defense and invoke his protection against double jeopardy" (People v Kasse, 22 NY3d 1142, 1143 [2014]; see generally People v Olivo, 52 NY2d 309 [1981]).

Defendant's claim that he was denied his constitutional rights to present a defense, to confront and cross examine the witness against him and to call witnesses on his own behalf is unpreserved (see People v Lane, 7 NY3d 888 [2006]) and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The trial court acted well within its discretion when it precluded defendant from introducing extrinsic documentary evidence or calling other witnesses to contradict the Apple security officer's answers concerning collateral matters solely for the purpose of impeaching the security officer's credibility (see People v Pavao, 59 NY2d 282, 288-289 [1983]; see also People v Knight, 80 NY2d 845, 847 [1992]). In any event, any error would have been harmless because such testimony could not have affected [*2]the verdict (see People v Perez, 236 AD2d 298 [1997], lv denied 89 NY2d 1039 [1997]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur  

Decision Date: February 14, 2017

<form method="LINK" action="../../slipidx/at_1_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>