People v Ford (2020 NY Slip Op 05824)





People v Ford


2020 NY Slip Op 05824


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Friedman, J.P., Manzanet-Daniels, Kern, Moulton, JJ. 


Ind No. 1053/10 Appeal No. 12089 Case No. 2018-3365 

[*1]The People of the State of New York, Respondent,
v
Ian Ford, Defendant-Appellant.


Stephen Chu, Interim Attorney-in-Charge, Office of the Appellate Defender, New York (Anastasia Heeger of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Nicole Neckles of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Denis J. Boyle, J.), rendered April 29, 2016, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 10 years, unanimously reversed, as a matter of discretion in the interest of justice, and the matter remanded for a new trial.
With the approval of both the prosecutor and defense counsel, the court rejected a verdict of guilty on the lesser included offense of manslaughter in the second degree as nonunanimous, based on a notation on the verdict sheet indicating that the jury's vote on the count was divided. It did not poll the jury to determine whether the guilty verdict announced in court by the foreperson was unanimous. This reliance on the verdict sheet, instead of the verdict itself, was improper (see People v Boatwright , 297 AD2d 603, 604 [1st Dept 2002], lv denied 99 NY2d 533 [2002]; People v Perez , 236 AD2d 298 [1st Dept 1997], lv denied 89 NY2d 1039 [1997]; People v McBride , 203 AD2d 86, 87 [1st Dept 1994], lv denied 83 NY2d 969 [1994]).
Other than the notation of an apparent vote on the verdict sheet, there was no reason to reject the verdict. Just before announcing the verdict of guilty of second-degree manslaughter, the foreperson announced a purported verdict of not guilty on the first-degree count, while at the same time making a statement clearly indicating that this verdict was not unanimous. However, he never said that the second-degree verdict was not unanimous, and before the court looked at the verdict sheet, the court and the parties were in agreement that a valid guilty verdict had been issued on the second-degree count, subject only to the jury being polled.
Accordingly, we find that, under all of the circumstances of the case, the jury's later verdict of guilty of the greater offense of first-degree manslaughter should not be allowed to stand, and that a new trial is warranted in the interest of justice. We find it unnecessary to reach any other issues. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020