People v Rodriguez (2025 NY Slip Op 02854)

People v Rodriguez

2025 NY Slip Op 02854

Decided on May 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 08, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Rodriguez, JJ. 

Ind. No. 2234/13|Appeal No. 4310|Case No. 2018-4534|

[*1]The People of the State of New York, Respondent,
v
Hector Rodriguez, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Shaina R. Watrous of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Oliver Lee of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Robert A. Neary, J., at trial and sentencing; Steven Hornstein, J., at resentencing), rendered April 25, 2018, as amended February 15, 2024, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal facilitation in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 22 years, unanimously affirmed.
The verdict comported with the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]). We find no basis for disturbing the jury's credibility determinations, and the testimony of defendant's accomplices was amply corroborated. The evidence, including defendant's written and videotaped statements and the surveillance footage, supports a reasonable inference that defendant, with at least the intent to cause serious physical injury, directed a gang subordinate, armed with a gun, to attack the victim in a drug related dispute (see People v Beniquez, 176 AD3d 406, 407 [1st Dept 2019], lv denied 34 NY3d 1075 [2019]; People v Esquilin, 174 AD3d 458, 460 [1st Dept 2019], lv denied 34 NY3d 950 [2019]). The fact that the jury acquitted defendant of the murder and weapon possession counts does not warrant a different conclusion (see People v Rayam, 94 NY2d 557, 561-563 [2000]).
The court had no obligation to inform defendant that the verdict sheet, contrary to the court's instructions, contained a notation indicating a not guilty verdict on the lesser offense of fourth-degree criminal facilitation (see People v Boatwright, 297 AD2d 603, 604 [1st Dept 2002], lv denied 99 NY2d 533 [2002]). A verdict sheet is neither a verdict nor a substantive communication from the jury (id.). CPL 310.30 and the requirements of People v O'Rama (78 NY2d 270 [1991], apply only to specific "request[s]" by the jury "for further instruction or information," and pertain to "a problem or concern identified by the jury" (see People v Williams, 16 NY3d 480, 485-486 [2011] [internal quotation marks omitted]).
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 8, 2025